UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**WILLIAM B. MAGNARD, III**  CIVIL ACTION

**versus**  No. 08-985

**STATE OF LOUISIANA, et al.**  SECTION: "I"/3

ORDER AND REASONS

Before the Court is a motion to dismiss[1] filed by defendant, Eleanore J. Krimerman, M.D ("Krimerman"), on the grounds that the Court lacks subject matter jurisdiction over the action and that the action is premature due to plaintiff's failure to present the claim to the Medical Review Panel before filing this lawsuit. For the reasons assigned, the motion to dismiss is **GRANTED** and the claim against Krimerman is **DISMISSED WITHOUT PREJUDICE.**

*Pro se* plaintiff, William Magnard, III, filed the above-captioned lawsuit in this Court against several defendants, including Krimerman, seeking damages of $30,000,000.00. The two-sentence complaint, which alleges that "a spell" caused a "feeling in [plaintiff's] testicles," makes no allegation of the Court's jurisdiction.[2]

The party seeking a federal forum carries the burden of establishing the subject matter jurisdiction of the federal court. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). When the court's jurisdiction is predicated on the diversity of citizenship between the parties, the party must "'distinctly and affirmatively

---

[1] Rec. Doc. No. 15.

[2] Rec. Doc. No. 1.

1

allege'" citizenship. *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991) (quoting *McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)). "Failure adequately to allege the basis for diversity jurisdiction mandates dismissal." *Id.* The court "cannot presume the existence of federal jurisdiction." *Howery*, 243 F.3d at 919.

Plaintiff alleges that the amount in controversy is $30,000,000.00, which exceeds the amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332. He also provides his address in New Orleans, Louisiana. However, without any allegation of diversity of citizenship or other bases for jurisdiction, the Court cannot presume that it has subject matter jurisdiction over this action.[3]

Accordingly,

**IT IS ORDERED** that defendant's motion to dismiss is **GRANTED** and the claim against Krimerman is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.[4]

New Orleans, Louisiana, November   18th  , 2008.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[3] Krimerman states in her motion that she is domiciled in New Orleans, Louisiana. As such, plaintiff, who provides a New Orleans address, is not diverse from Krimmerman.

[4] In light of the Court's lack of subject matter jurisdiction, the Court will not reach the issue of prematurity.