UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**WILLIAM B. MAGNARD, III**                                    **CIVIL ACTION**

**versus**                                                              **No. 08-985**

**STATE OF LOUISIANA, et al.**                           **SECTION: "I"/3**

### ORDER AND REASONS

Before the Court is a motion to dismiss[1] filed by defendant, Sarah Deland ("Deland"), on the ground that the Court lacks subject matter jurisdiction over this action. For the reasons assigned, the motion to dismiss is **GRANTED** without opposition and the claim against Deland is **DISMISSED WITHOUT PREJUDICE.**

### BACKGROUND

*Pro se* plaintiff, William Magnard, III ("Magnard"), filed the above-captioned lawsuit in this Court against several defendants, including Deland, seeking damages of $30,000,000.00. The two-sentence complaint, which alleges that "a spell" caused a "feeling in [plaintiff's] testicles," makes no allegation of the Court's jurisdiction.[2] The Court previously dismissed Magnard's claim against the State of Louisiana based on 11th Amendment immunity. The Court also dismissed plaintiff's claim against Eleanore J. Krimerman, M.D for lack of subject matter jurisdiction.

On November 13, 2008, Deland filed this motion to dismiss plaintiff's claim against Deland for lack of subject matter jurisdiction. Deland contends that plaintiff's personal injury claim

---

[1] Rec. Doc. No. 17.

[2] Rec. Doc. No. 1.

arises under state law and that plaintiff has not alleged diversity of citizenship. Magnard has not filed a memorandum in opposition to this motion.

## **LAW AND ANALYSIS**

The party seeking a federal forum carries the burden of establishing the subject matter jurisdiction of the federal court. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). When the court's jurisdiction is predicated on the diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332[3], the party must "'distinctly and affirmatively allege'" citizenship. *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991) (quoting *McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)). "Failure adequately to allege the basis for diversity jurisdiction mandates dismissal." *Id.* The court "cannot presume the existence of federal jurisdiction." *Howery*, 243 F.3d at 919.

Plaintiff's petition alleges that the amount in controversy is $30,000,000.00, which exceeds the amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332. He also provides his address in New Orleans, Louisiana. However, he fails to allege that Deland's citizenship is diverse from his citizenship or any other basis for jurisdiction. The Court cannot presume that it has subject matter jurisdiction over this action. Moreover, Deland contends that she is a

---

[3] 28 U.S.C. 1332(a) provides in pertinent part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000...and is between citizens of different States."

citizen of Louisiana.

Accordingly,

**IT IS ORDERED** that defendant's motion to dismiss is **GRANTED** and the claim against Deland is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

New Orleans, Louisiana, December 2nd, 2008.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**